FILED

2005 Sep-26  PM 04:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

MONIQUE NAVES,                         ]
                                       ]
                Movant,                ]
                                       ]
vs.                                    ]        CIVIL ACTION NO. 02-IPJ-RRA-8041-S
                                       ]           CRIMINAL NO. 99-J-402-S
                                       ]
THE UNITED STATES OF AMERICA,          ]
                                       ]
                Respondent.            ]

## MEMORANDUM OPINION

This is a motion to vacate, set aside, or correct a sentence, brought by a federal prisoner, pursuant to 28 U.S.C. § 2255.  The movant, Monique Naves, was convicted in this court on January 4, 2000, on her plea of guilty to one count of carjacking, in violation of 18 U.S.C. § 2119(1).  She was sentenced on April 11, 2000, to a term of imprisonment for 168 months, to be followed by a 36-month term of supervised release.

Naves filed a notice of appeal on April 21, 2000.  She was represented on appeal by the same attorney who had represented her at trial, William K. Bradford.  Mr. Bradford filed a brief and a motion to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967).  In the *Anders* brief, Mr. Bradford set out the following possible grounds for appeal: 1) the trial court erred in classifying oleoresin capsicum (OC) as a dangerous weapon and in applying the § 2B3.1(b)(2)(D) enhancement to increase her offense level based on that finding; 2) the trial court erred in finding that the victim was a vulnerable victim and in applying the § 3A1.1(b) enhancement to increase her offense level by two levels based on that finding; 3) the trial court erred in increasing her base offense level under § 3B1.1(c) based on her leadership role in the offense; 4) the trial court erred in

assigning her two criminal history points under both Sections 4A1.1(b) and 4A1.2(k)(1) because it

amounted to an impermissible double-counting; and 5) the trial court erred in permitting the

government to present hearsay evidence at the sentencing hearing concerning the impact of the crime

on the victim.

On November 8, 2000, the Eleventh Circuit Court of Appeals issued the following order:

> William K, Bradford, appellate counsel for Monique Tujuan Naves in this
> direct criminal appeal, has moved to withdraw and filed a brief pursuant to *Anders
> v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  Examination
> of the record reveals at least one issue of arguable merit:  whether the district court
> plainly erred by imposing a sentencing enhancement under U.S.S.G. §
> 2B3.1(b)(5)("if the offense involved carjacking") to an offense under the federal
> carjacking statute, 18 U.S.C. § 2119(1).
>
> Counsel's motion to withdraw, which was based on *Anders*, therefore, is
> DENIED.  Counsel is directed to file a merits brief on the above-referenced issue and
> on any other arguably meritorious issues, after consulting with his client, within (30)
> days of this order.

Attachment 2(A) to movant's traverse, court document 67.  The Eleventh Circuit Court of Appeals

affirmed Naves' conviction and sentence on May 25, 2001, finding that there was "no impermissible

'double counting' in the district court's computation of [Naves'] offense level."  *United States v.

Naves*, 252 F.3d 1166 (11th Cir. 2001).  Naves' petitions for rehearing and rehearing en banc were

denied on July 30, 2001.

Naves has now filed a § 2255 motion to vacate, set aside, or correct her sentence.  In support

of her motion, Naves claims that:

> 1) the federal carjacking statute is unconstitutional as applied to her because "[t]here
> are no allegations, proffers, or arguments that defendant Naves had [a]n intent to ship
> the car in interstate commerce, or that the car was headed for a 'chop shop' to be
> disassembled and the parts shipped in interstate commerce";
>
> 2) the government incorrectly found her guidelines range to be 168 months to 210
> months;

-2-

3) the government failed to prove that Naves had the intent to cause death or serious bodily harm to the victim when she took the victim's car;

4) her guilty plea was involuntary because:

    a)    it was based on "incorrect and faulty information given by attorney, William Bradford";

    b)    it was based on "incorrect statements made by the judge, as referring to the maximum term of imprisonment '50 years' to be served had the courts convicted her";

    c)    her attorney assured her that she would receive a sentence of no more than 135 months;

    d)    her attorney never informed her "that delicate elements of 18 U.S.C. [§]2119 [, specifically intent] had to be proved beyond a reasonable doubt";

    e)    her attorney failed to inform her that the probation officer had made additional enhancements to her base offense level, failed to discuss the Presentence Investigation Report with her, and failed to provide her with a copy of the Presentence Investigation Report or the plea agreement, depriving her of the chance to withdraw her plea;

    f)    her attorney "delinquently filed objections to P.S.I. late, without any contact or discussion with defendant";

5) her criminal history category was too high because she only had one prior conviction, with a suspended sentence;

6) the trial judge engaged in impermissible "double counting" by adding a two point enhancement under U.S.S.G. § 2B3.1(b)(5);

7) her attorney was ineffective for failing to bring forth favorable evidence on her behalf to dispute the "government's whole basis as to why, in the instant offense mace could be held as a dangerous weapon"; and

8) she should not have received a two-level increase in her offense level for having a leadership role in the carjacking because she and her co-defendant played an equal part in the offense.

In response to the court's order to show cause, the respondent has filed an answer in which

it maintains that the claims are due to be dismissed because they are procedurally barred and/or

without merit.  By order of the court, the parties were advised that the respondent's answer would be treated as a motion for summary dismissal.  The movant was advised that in responding to the motion for summary dismissal, she must supply the court with counter-affidavits and/or documents to set forth specific facts showing that there are genuine issues of material fact to be decided.  In response, the movant has filed an unsworn traverse.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The United States Supreme Court has established a national standard for judging the effectiveness of criminal defense counsel under the Sixth Amendment.  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  The Court elaborated:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.  "Because the [petitioner] must prove both deficiency and prejudice, a [petitioner's] failure to prove either will be fatal to his claim."  *Johnson v. Scott,* 68 F.3d 106, 109 (5th Cir. 1995).

Under the *Strickland* test, the petitioner must initially show that counsel's representation fell below an "objective standard of reasonableness."  *Strickland*, 466 U.S. at 688.  "While it need not

-4-

be errorless, counsel's advice 'must be within the realm of competence demanded of attorneys representing criminal defendants.'" *Jones v. White*, 992 F.2d 1548, 1557 (11th Cir. 1993)(*quoting Stano v. Dugger*, 921 F.2d 1125, 1151 (11th Cir.)(en banc), *cert. denied*, 502 U.S. 835 (1991)).  In making such an evaluation, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  The effectiveness or ineffectiveness of counsel must be evaluated by consideration of the totality of the circumstances.  *Stanley v. Zant,* 697 F.2d 955, 962 (11th Cir. 1983), *cert. denied,* 467 U.S. 1219 (1984).

The second requisite element in a claim of ineffective assistance of counsel is a showing of prejudice.  Even if counsel made an error so egregious as to be outside the broad scope of competence expected of attorneys, a movant can obtain relief only if the error caused actual prejudice.  *Strickland,* 466 U.S. at 691-92.  In order to establish "prejudice, [a petitioner] 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Williams v. Taylor,* 529 U.S. 362, 391, 120 S.Ct. 1495, 1511-1512 (2000).  A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings.  *Strickland,* 466 U.S. at 694.  Furthermore, in addition to showing that the outcome would have been different, a petitioner must prove that "counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair." *Armstead v. Scott,* 37 F.3d 202, 207 (5th Cir. 1994)(*citing Lockhart v. Fretwell,* 506 U.S. 364, 113 S. Ct. 838, 844 (1993)).  In other words, a "counsel's unprofessional errors [must] so upset the adversarial balance between the defense and prosecution that the trial was rendered unfair and the verdict suspect." *Fretwell,* 506 U.S. at 369, 113 S. Ct. at 842.  "Unreliability or unfairness does not

result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Fretwell*, 113 S. Ct. at 844.

In *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985), the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel," and that "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 58-59, 106 S. Ct. at 370-71. *United States v. Pease*, 240 F.3d 938 (11th Cir. 2001).

Naves claims that her guilty plea was "involuntary" due to several alleged instances of ineffective assistance of counsel. First she claims that her plea was based on "incorrect and faulty information given by attorney, William Bradford." (Claim 4(a)). Naves does not elaborate on this claim by identifying the incorrect or faulty information her attorney allegedly provided to her or indicating how that information prejudiced her. This vague claim is insufficient to establish that her attorney was constitutionally ineffective.

Naves next claims that her attorney was ineffective because he assured her that she would receive a sentence of no more than 135 months. (Claim 4(c)). She states that:

> when the plea-agreement was presented to her by counsel, counsel assured movant that "she had nothing to worry about, because the judge usually 99.9% of the time goes with the probation officer's calculations, and that the probation officer (Brooke Cobb), had calculated all that applied to the instant offense . . . . Attorney William Bradford assured Naves that she would receive a sentence no more than 135 months.

Even assuming that Mr. Bradford assured Naves that she would not be sentenced to more than 135 months, and that this rendered his performance deficient, Naves cannot show that this prejudiced her defense. Naves' plea agreement clearly explained that the judge was the only one who could

-6-

determine her sentence and that the court was not a party to the plea agreement or bound by the plea agreement. *Plea Agreement*, p. 5. Naves signed the plea agreement, indicating that she had "READ this document, DISCUSSED it with [her] attorney, and UNDERST[OOD] and AGREE[D] with all its provisions both individually and totally." *Plea Agreement*, p. 9. Furthermore, during the plea proceeding, Naves stated under oath that she understood that the judge was not bound by the plea agreement, and that even if the court did not follow the recommendations in the plea agreement, she did not have a right to withdraw her guilty plea. *Transcript of Plea Hearing*, p. 7. Naves also testified that no one has promised her anything in exchange for her plea. *Id*. at p. 5. Naves unequivocally indicated that she understood that the court was not bound by the plea agreement and could sentence her as it saw fit. Therefore, she cannot establish that she was prejudiced by her attorney's alleged promise that she would not receive a sentence longer than 135 months.

Naves next claims that her attorney was ineffective because he never informed her "that delicate elements of 18 U.S.C. [§]2119[, specifically intent] had to be proved beyond a reasonable doubt." (Claim 4(d)). Again, even assuming that Mr. Bradford did not inform Naves that all the elements of the offense, including intent, had to be proven beyond a reasonable doubt, and that this rendered his performance deficient, Naves cannot show that this prejudiced her defense. During the plea proceeding, the court specifically explained the elements of the offense to Naves, and she indicated that she understood:

> THE COURT: Do you understand that you have a right to require that the government prove your guilt beyond a reasonable doubt with respect to each element of the offense charged against you in the indictment before you can be adjudged guilty?
> THE DEFENDANT: Yes.
> THE COURT: Do you understand that would mean that the government would have to prove beyond a reasonable doubt that you, on or about the 27th day of September,

> 1999, in the Northern District of Alabama, you and Mr. Alford, aided and abetted by each other, with the intent to cause death and serious bodily harm, that you did willfully take by force, violence and intimidation from the person and presence of Mary Vickers, a motor vehicle, that is a 1995 Lincoln Towncar, which had been transported in interstate commerce, in violation of Title 18, United States Code, Section 2119, Subsection One?  Do you understand that the government would have to prove each one of those elements beyond a reasonable doubt before you could be adjudged guilty?
>
> THE DEFENDANT: Yes, ma'am.

*Transcript of Plea Hearing*, p. 10.  The court clearly explained the elements of the offense and the fact that each element would have to be proven beyond a reasonable doubt to convict Naves, and Naves unequivocally indicated that she understood.  Therefore, she cannot establish that she was prejudiced by her attorney's alleged failure to explain that the elements of the offense had to be proven beyond a reasonable doubt.

Naves claims that her attorney was ineffective because he failed to inform her that the probation officer had made additional enhancements to her base offense level, failed to discuss the Presentence Investigation Report with her, and failed to provide her with a copy of the Presentence Investigation Report or the plea agreement, depriving her of the chance to withdraw her plea.  (Claim 4(e)).  Once again, even assuming that Mr. Bradford did not inform Naves that the probation officer had made additional enhancements to her base offense level, that he failed to discuss the presentence investigation report with her, and that he failed to provide her with a copy of the presentence investigation report or the plea agreement, and that this rendered his performance deficient, Naves cannot show that this prejudiced her defense.  Naves claims that she was prejudiced because she was deprived of the chance to withdraw her guilty plea.  Rule 11(d)(2)(B) of the *Federal Rules of Criminal Procedure* provides that a defendant may withdraw a guilty plea after the court accepts the plea, but before sentence is imposed, if the defendant "can show a fair and just reason for requesting

the withdrawal."  Naves has not provided the court with a fair and just reason for which she might have requested that her plea be withdrawn.  Thus, she cannot establish that she was prejudiced by her attorney's alleged deficiencies in this regard.

Naves contends that her attorney was ineffective because he "delinquently filed objections to P.S.I. late, without any contact or discussion with defendant." (Claim 4(f)).  This claim is without merit.  First, the transcript of the sentencing hearing reflects that Mr. Bradford did file objections to the presentence report.  *Transcript of Sentencing Hearing*, p. 2.  Moreover, even if he did not file objections, or filed them late, Naves was not prejudiced because the court considered Naves' objections at the sentencing hearing.

Because the above-discussed claims, Claims 4(a) 4(c), 4(d), 4(e), and 4(f) are meritless, they cannot support her Naves' claim that they rendered her plea involuntary.

Finally, Naves claims that her attorney was ineffective for failing to bring forth favorable evidence on her behalf to dispute the "government's whole basis as to why, in the instant offense mace could be held as a dangerous weapon." (Claim 7).  Naves received a four-level increase in her offense level for spraying the victim "in the face with O[leoresin] C[apsicum] spray which temporarily blinded her."  *Presentence Investigation Report*, p. 7.

The Eleventh Circuit Court of Appeals has held that tear gas can be a dangerous weapon for sentencing enhancement purposes.  *See United States v. Dukovich*, 11 F.3d 140 (11th Cir. 1994).  In explaining the evidence the government would have presented if the case had gone to trial, the government states that the victim:

> was approached by a female who, after getting to her, sprayed her in the face with a chemical spray that temporarily blinded her and caused her difficulty in breathing, and basically caused her inability to move, as well.

*Transcript of Plea Hearing*, p. 14.  Naves admitted to this conduct.  *Id*. at 17.  Mr. Bradford objected to the enhancement at sentencing, but the court overruled his objection.  *Transcript of Sentencing Hearing*, pp. 2-3.  The evidence against Naves was sufficient to establish that the pepper spray she used in the carjacking was a dangerous weapon.  Therefore, her attorney was not deficient for failing to make a further attempt to dispute the mace enhancement.  Additionally, Naves has not shown prejudice, because she has not established that there is a reasonable probability that, but for counsel's alleged error at sentencing, she would not have pleaded guilty and would have insisted on going to trial.

## PROCEDURAL DEFAULT

All of Naves' non-ineffective assistance of counsel claims are barred by procedural default. Her claims that the federal carjacking statute is unconstitutional as applied to her because "[t]here are no allegations, proffers, or arguments that defendant Naves had [a]n intent to ship the car in interstate commerce, or that the car was headed for a 'chop shop' to be disassembled and the parts shipped in interstate commerce" (Claim 1),  the government incorrectly found her guidelines range to be 168 months to 210 months (Claim 2), the government failed to prove that she had the intent to cause death or serious bodily harm to the victim when she took the victim's car (Claim 3), her guilty plea was involuntary because it was based on "incorrect statements made by the judge, as referring to the maximum term of imprisonment '50 years' to be served had the courts convicted her" (Claim 4(b)), and that her criminal history category was too high because she only had one prior conviction, with a suspended sentence (Claim 5), are barred by procedural default because she did not raise them on direct appeal.  "In general, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding."

*Greene v. United States,* 880 F.2d 1299, 1305 (11th Cir. 1989), *cert. denied*, 494 U.S. 1018 (1990).

"A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Mills v. United States,* 36 F.3d 1052, 1055 (11th Cir. 1994). If a defendant fails to pursue an available claim on direct appeal, he is barred from presenting the claim in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error. *Id. See also Cross v. United States,* 893 F.2d 1287, 1289 (11th Cir.), *cert. denied,* 498 U.S. 849 (1990). "[A] prisoner collaterally attacking his conviction can establish cause for a procedural default if he can show that 'some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule,' or that his attorney's performance failed to meet the *Strickland* standard for effective assistance of counsel." *Reece v. United States*, 119 F.3d 1462, 1465 (11th Cir. 1997). In addition to showing cause, the movant must also demonstrate that he was prejudiced. To show prejudice, he must show "not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982)(emphasis in original). A federal habeas court, however, will consider a procedurally defaulted claim in the absence of cause, if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." *Smith v. Murray*, 477 U.S. 527, 537 (1986) (*quoting, respectively, Engle*, 456 U.S. at 135, and *Murray,* 477 U.S. at 496).

Naves asserts that the procedural default of these claims should be excused because her attorney was constitutionally ineffective for failing to raise them on direct appeal. However, because

none of the claims have merit, Naves cannot prove either that her attorney's failure to raise these claims was deficient or that she was prejudiced by his failure to raise them on direct appeal.

By its terms, the federal carjacking statute, 18 U.S.C. § 2119, applies when "[w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so."  One of the elements of carjacking is that the motor vehicle "has been transported, shipped, or received in interstate or foreign commerce." The indictment charged that the car "had been transported in interstate commerce."  At the plea hearing, the prosecution stated that if the case were to go to trial, it would prove that the car in question was manufactured outside of the State of Alabama. *Transcript of Plea Hearing*, p. 14.  This was sufficient to meet the "commerce" element of the statute.

Naves claims that her attorney should have argued that the federal carjacking statute is unconstitutional as applied to her because "[t]here are no allegations, proffers, or arguments that defendant Naves had [a]n intent to ship the car in interstate commerce, or that the car was headed for a 'chop shop' to be disassembled and the parts shipped in interstate commerce." (Claim 1). However, the statute does not require that the defendant had an intent to put the car into interstate commerce in some way.  Thus, Mr. Bradford was not deficient for failing to raise this meritless claim on appeal.

Naves also claims that her attorney was ineffective for failing to argue on appeal that the government incorrectly found her guidelines range to be 168 months to 210 months.  (Claim 2).  She claims that since the statutory provided a maximum sentence of 180 months, she should not have been place in a guidelines range that exceeded the statutory maximum.  Naves is mistaken.  The

-12-

presentence investigation report clearly states that her guidelines range was 168 to 180 months.  Her attorney was not ineffective for failing to raise this baseless claim on direct appeal.

Naves next claims that her attorney was ineffective for failing to argue on direct appeal that the government failed to prove that she had the intent to cause death or serious bodily harm to the victim when she took the victim's car.  (Claim 3).  The government clearly presented a sufficient factual basis for the guilty plea, including the fact that Naves intended to commit the necessary acts. *Transcript of Plea Hearing*, pp. 14-18.  This was all that was required, since Naves waived her right to have the government prove the elements of carjacking beyond a reasonable doubt by entering a plea of guilty.  Her attorney was not ineffective for failing to raise this meritless claim on direct appeal.

Naves claims that her attorney was ineffective for failing to claim on appeal that her guilty plea was involuntary because it was based on "incorrect statements made by the judge, as referring to the maximum term of imprisonment '50 years' to be served had the courts convicted her." (Claim 4(b)).  In explaining Naves' rights to her, the transcript reflects that the court stated that "[i]f you plead guilty and you are convicted and adjudged guilty of an offense like that, this is a violation of Title 18, U.S. Code, Section 2119(1) . . . you can be imprisoned in custody for not more than fifty years." *Transcript of Plea Hearing*, p. 6.  However, the actual maximum sentence Naves could have received was fifteen years.

Naves has failed to show that she was prejudiced by her attorney's failure to object to the judge's misstatement.  She makes no claim that this statement influenced her decision to plead guilty.  To the contrary, she argues that she relied on her attorney's alleged promise that she would not receive a sentence more than 135 months in deciding to plead guilty.  See Claim 4(c).  Because

-13-

she cannot show prejudice, Naves cannot establish that her attorney was ineffective for failing to raise this claim on appeal.

Finally, Naves claims that her attorney was ineffective for failing to argue on direct appeal that her criminal history category was too high because she only had one prior conviction, with a suspended sentence.  (Claim 5).  Naves received two criminal history points for a prior youthful offender conviction, for which she received a sentence of one year and one day, with the sentence suspended.  However, her probation was revoked due to several violations, and she was required to serve the original sentence.  Because she was eventually required to serve the sentence, she was given two criminal history points for the conviction.  Naves argues that she should have received only one point for her prior sentence, because her probation was not revoked until after she committed the carjacking.  U.S.S.G. § 4A1.2(e)(2)[1] provides that "[a]ny other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted." Naves' position is that she should not be given two points for the prior sentence because she did not begin serving the sentence until after she committed the carjacking offense.  Section 4A1.2(e)(2) does not say that the prior sentence is counted if the defendant began service of the sentence prior to the instant offense.  Rather, it states that the prior sentence is counted if the prior sentence was *imposed* prior to the commencement of the instant offense.  Naves' prior sentence was imposed on April 16, 1999, prior to the carjacking, which took place on September 27, 1999.  Therefore, she properly received two criminal history points for the conviction.  Her attorney was not ineffective for failing to raise this meritless claim on direct appeal.

---

[1]  Although Naves claims that § 4A1.2(e)(1) applies to her, it does not because her prior sentence did not exceed one year and one month.  Section 4A1.2(e)(2) applies to her since it applies to "any other sentence."

-14-

The petitioner has not shown cause and prejudice to excuse the procedural default of these claims.  Nor has she alleged facts to support the "fundamental miscarriage of justice" exception.  Therefore, Naves is procedurally barred from raising these claims in this court, and the claims are due to be dismissed.

Conversely, a § 2255 motion cannot be used to relitigate issues that were raised on direct appeal.  *Kastenbaum v. United States*, 588 F.2d 138, 139 (5th Cir. 1979).  Naves' claims that the trial judge engaged in impermissible "double counting" by adding a two point enhancement under U.S.S.G. § 2B3.1(b)(5) (Claim 6) and that she should not have received a two-level increase in her offense level for having a leadership role in the carjacking because she and her co-defendant played an equal part in the offense (Claim 8) were both raised on direct appeal.[2]  Therefore, she is barred from raising these claims again in her § 2255 motion.

An appropriate order will be entered.

DONE this 26th day of September, 2005.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

[2]The Eleventh Circuit Court of Appeals specifically found that Naves' double-counting claim had no merit.  *United States v. Naves*, 252 F.2d 1166 (11th Cir. 2001).  Naves' attorney raised the leadership role claim as an arguable ground for relief in his *Anders* brief.  However, he apparently did not further argue the claim in the follow-up brief required by the appellate court on the double-counting issue.  Because the issue was included in the original *Anders* brief, this court considers that the claim was raised on direct appeal.  The court notes, however, that if the leadership role claim had not been raised on direct appeal, it would still be barred because it could have been raised on direct appeal.

-15-